**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marilyn Kutner, a single person, | No. CV-12-01682-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Emeritus Corporation, a Washington corporation; Black & White Corporation I-V, | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Compel Enforcement of an Arbitration Agreement. (Doc. 10.) For the reasons discussed below, the motion is granted.

**FACTUAL BACKGROUND**

On June 13, 2011, Plaintiff Marilyn Kutner fell and allegedly suffered an injury on the premises of Chris Ridge Village. (Doc. 1 (Kutner Compl.) ¶¶ 5-8.) She was a resident at the Village, which appears to be an "elder community" that has both assisted and independent living units.

On March 17, 2012, Kutner signed an "Agreement to Resolve Disputes by Binding Arbitration." (Doc. 11 at 14-15; Doc. 12 at 18-19.) The agreement was part of a larger packet of Chris Ridge policies that Kutner received when her monthly fee was adjusted. (Doc. 12 at 6-19.) The arbitration agreement provides that

> any action, dispute, claim or controversy of any kind, whether in contract or in tort, statutory or common law, personal injury, property damage, legal or

> equitable or otherwise, arising out of the provision of assisted living services, healthcare services, or any other goods or services provided under the terms of any agreement between the Parties, . . . or any other dispute involving acts or omissions that cause damage or injury to either Party . . . **shall be resolved exclusively by binding arbitration** and not by lawsuit or resort to the judicial process.

(Doc. 11 at 14; Doc. 12 at 18) (emphasis in original). The arbitration agreement provided that the resident had a right to legal counsel at the proceedings. In addition, the agreement contained an opt-out provision allowing revocation by written notice within 15 days of signing. The agreement concluded with the following paragraph in italics:

> The Resident understands that the result of this Arbitration Agreement is that claims, including personal injury claims that the Resident may have against the Community cannot be brought in a lawsuit in court before a judge or jury, and agrees that all such claims will be resolved as described in this Arbitration Agreement. Admission to the Community is not contingent upon signing this Agreement.

(Doc. 11 at 15; Doc. 12 at 19.)

Kutner filed a Complaint against Defendant Emeritus Corporation in Maricopa County Superior Court on June 19, 2012. (Doc. 1.) Emeritus removed to this Court on August 8, 2012. (*Id.*) It has now moved to compel enforcement of the March 2012 arbitration agreement and stay this action.

## DISCUSSION

The arbitration agreement between Kutner and Emeritus provides that "any action, dispute, claim or controversy of any kind . . . shall be resolved exclusively by binding arbitration." (Doc. 11 at 14; Doc. 12 at 18.) On August 22, 2012, Emeritus requested that Kutner dismiss this action and submit to arbitration. (Doc. 11 at 12-13.) Kutner declined. Emeritus now asks the Court to stay this action and compel arbitration pursuant to the parties' contract and the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 et seq.

The FAA broadly provides that written agreements to arbitrate disputes arising out of transactions involving interstate commerce "shall be valid, irrevocable, and enforceable" except upon grounds that exist at common law for the revocation of a

- 2 -

contract. 9 U.S.C. § 2 (2006); *see Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 113-19 (2001). Absent a valid contract defense, the FAA "'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'" *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985)) (emphasis in original). The district court's role under the FAA is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Id.*

### I.     Validity of the Agreement

Kutner does not contest her signature on the agreement; instead, she challenges the validity of the arbitration agreement on three grounds. First, she claims that her counsel had contacted Emeritus previous to her signing the arbitration agreement, and that the agreement was therefore an attempt to circumvent inevitable litigation. Other than the bare assertion by her counsel in the Response, however, Kutner has not produced any evidence of communications by her attorney to Emeritus that predate the agreement. The Response references a letter sent by Kutner's attorney on March 29, 2012, that requested compensation for the injury. (Doc. 12 at 2.) Yet Kutner has not attached the letter. The Court cannot rely on unsupported statements by counsel in legal memoranda. And in any event, the alleged letter was sent 12 days after the agreement had been signed, and is consequently not evidence that Emeritus was trying to cut off litigation. There is no evidence of fraud or duress.

Second, Kutner asserts that the arbitration agreement lacks mutual consent because Kutner is "an 84 year old woman with [a] serious case of osteoporosis and Parkinson's disease [and] believe[d] that she was merely signing papers related to continuing her tenancy in Chris Ridge Village." (*Id.*) Once again, this statement does not come from the allegations of the Complaint or a supporting affidavit, but is an assertion by Kutner's counsel in a legal memorandum. Facts—or even formal allegations—"cannot

be created by a party simply making assertions in its legal memoranda." *Cumis Ins. Soc., Inc. v. Merrick Bank Corp.*, 480 F. Supp. 2d 1077, 1083 (D. Ariz. 2010) (citing *S.A. Empresa De Viacao Aerea Rio Grandense v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1982)). That failure is reason enough to reject the argument. Even assuming the statements in the memorandum are true, the argument fails on the merits. That Kutner is 84 years old does not demonstrate that she lacks mental capacity. Nor does the assertion that she did not understand the agreement support her defense. Kutner appears to suggest that, because the arbitration agreement was part of a larger packet of materials given to her (like pet or parking policies), she did not know what she was signing. Arizona law, however, strictly adheres to the maxim that "a person who is competent is held as a matter of law to know the contents of an agreement [s]he signs." *In re Henry's Estate*, 6 Ariz. App. 183, 186, 430 P.2d 937, 940 (1967). The signature "demonstrates beyond question that she had knowledge of . . . the agreement at the time it was signed." *In re Estate of Cortez*, 226 Ariz. 207, 212, 245 P.3d 892, 898 (Ct. App. 2010). The lack of evidence that Kutner was mentally incompetent at the time she signed the agreement defeats her claim that she lacked capacity to contract.

Kutner's third defense is that the agreement lacks consideration because (1) she has resided at the Village for ten years and (2) the new agreement involved an increase in her monthly fee. These two facts do not demonstrate a lack of consideration. Furthermore, the arbitration agreement is mutual—Emeritus is also bound by its terms. That mutuality is sufficient consideration. *Malcoff v. Coyier*, 14 Ariz. App. 524, 526, 484 P.2d 1053, 1055 (1971) ("We agree that it is essential to an enforceable contract that there be a consideration or a mutuality of obligation . . . .").

Consequently, Kutner has failed to raise a valid defense to enforcement of the agreement she entered with Emeritus to arbitrate all claims. **II.    The Agreement Encompasses Kutner's Claim**

The Supreme Court has made clear that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration[.]" *Moses H. Cone Mem'l*

*Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); *see EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002). There is thus a "liberal federal policy favoring arbitration." *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 725 (9th Cir. 2007). The language "any action, dispute, claim or controversy of any kind" arising out of the relationship between Kutner and Emeritus encompasses the personal injury claims she raises in her Complaint. The fact that Kutner's injury allegedly occurred prior to her entering the arbitration agreement does not remove it from the scope of the agreement. *See Zink v. Merrill Lynch Pierce Fenner & Smith*, 13 F.3d 330, 333 (10th Cir. 1993) (rejecting argument that broad arbitration clause did not cover disputes that occurred prior to the execution of the agreement). Again, "'questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration' with 'any doubts concerning the scope of arbitrable issues . . . resolved in favor of arbitration.'" *Bennett v. Liberty Nat. Fire Ins. Co.*, 968 F.2d 969, 971 (9th Cir. 1992) (quoting *Cone Hospital*, 460 U.S. at 24-25 (1983)). Kutner does not contest that her claim would otherwise fall within the scope of the agreement. Because her common law defenses to enforcement of the agreement fail, her claim must proceed to arbitration.

**IT IS THEREFORE ORDERED:**

1. Defendants' Motion to Compel Arbitration (Doc. 11) is **GRANTED**.

2. The parties are directed to submit this matter to arbitration consistent with the terms of their agreement and the provisions of the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq.

3. Upon completion of the arbitration proceedings, the parties are directed to comply with the provisions of 9 U.S.C. §§ 9-13, as applicable.

4. This action is **STAYED** pursuant to 9 U.S.C. § 3.

/ / /
/ / /
/ / /
/ / /

5. The parties shall file a joint status report concerning their arbitration on or before **March 4, 2013**, and every **90 days thereafter** until the stay has been lifted.

Dated this 4th day of December, 2012.

/s/ A. Murray Snow
/G. Murray Snow
United States District Judge